WALTON *v.* MASON.

1. DEEDS—COMPROMISE—BILLS AND NOTES—FAILURE OF CONSIDERATION.

> A party who, in order to remove a cloud from his title, procures a quitclaim deed from one whom he believes to have a valid claim, cannot resist an action upon a promissory note, given in part consideration for the deed, upon the ground that his grantor had in fact no title, where the purchase was not induced by any fraud or deception on the part of the grantor.

2. SAME—EVIDENCE—DECEIT.

> In an action upon a promissory note given by the grantee in a quitclaim deed in part consideration therefor, where the defense interposed is that the grantor had no title to convey, evidence that no representation was made as to the nature of the title at the time the deed was given is admissible to show that the grantor practiced no deceit.

Error to Muskegon; Russell, J.   Submitted April 22, 1896.   Decided May 26, 1896.

*Assumpsit* by Martin C. Walton against Lyman G. Mason upon promissory notes.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*H. L. Delano*, for appellant.

*William E. Hoyt*, for appellee.

MONTGOMERY, J.   This was an action on three promissory notes, of $150 each, made by defendant to D. D. Erwin, May 27, 1893.   The defense was failure of consideration, and that the defendant was induced to make the notes by means of a fraud of plaintiff.   The defendant held title to certain lands in Muskegon of great value, the lands with the improvements being valued at $200,000. It appears that one Louis P. Baddeaux was the patentee to

these lands, and, prior to 1842, gave a mortgage to one
Amos Roberts. In June, 1842, an appraisement was
made, and the mortgagee elected to take the lands.
Whatever title the mortgagee obtained by these proceed-
ings was, as to an undivided one-fourth, subsequently
vested in Nelson C. Walton. Thereafter this title was
apparently vested in defendant through a conveyance
made by George W. Walton, as attorney in fact of Nel-
son C. Walton, under a purported power of attorney,
placed of record. The defendant also held the Baddeaux
title. In 1890 Nelson C. Walton placed of record a
declaration that the purported power of attorney to George
W. Walton was a forgery. The consideration for the
notes in suit was a quitclaim deed of the Walton title,
so called, to defendant. Defendant contended that the
notes were given upon the understanding by him that, if
the power of attorney was in fact a forgery, Nelson
C. Walton actually had a one-fourth interest in the fee,
and claimed that Mr. Erwin, as the agent of Walton, so
represented, whereas, in fact, he had no title, even though
the power of attorney was a forgery.

Defendant admitted, on the stand, that he did not be-
lieve that the power of attorney was a forgery, but stated
that he did not know whether it was or not, and preferred
to pay this sum rather than take his chances, but that this
action was based upon the supposition that, if the power of
attorney was shown to be a forgery, Nelson C. Walton
had title to an undivided one-fourth. If this was his
belief, and it was induced by plaintiff's agent, it would
constitute a defense; and the circuit judge so held, and
submitted the case to the jury on that theory. But the
defendant contends that the evidence upon this question
was all one way, and that the circuit judge should have
directed a verdict. We are unable to adopt this view.
The plaintiff's testimony tended to show that no repre-
sentations were made by plaintiff's agent when the deed
was made, and that the defendant claimed that the Wal-

ton claim appeared upon his abstract, and that he wanted to clear it off. It is true that defendant testified that, some two years before this, Mr. Erwin, on the occasion of a meeting of owners of property at his law office, had stated that, if the power of attorney was a forgery, Nelson C. Walton had a one-fourth interest in the lands; but Mr. Erwin testified that this was before the claim was taken into the office of Smith, Nims, Hoyt & Erwin, and it was a question for the jury as to whether defendant knew what he was buying.

It was not strictly correct to say that the Walton claim was entirely without appearance of validity. The foreclosure proceeding was not, indeed, complete, but perhaps not so entirely irregular as to be incapable of being supplemented by parol proof. The foreclosure was in 1842, and under sections 3 and 6 of Act No. 88 of the Laws of 1842 The proceedings under this statute are a curiosity at this day, and it is unnecessary to decide either whether the proceedings were regular or whether the act in question was constitutional. It is enough that the conveyance was a cloud on defendant's title, and that, if he bought his peace against this claim, without fraud or deception on the part of the plaintiff or his agent, he cannot repudiate his bargain, although not a good one. If the rule were otherwise, there would never be a settlement of a disputed claim which could not be avoided later by showing that the party paying the consideration would, in a trial at law, have had the best of the dispute. The law favors compromises of such disputes as to title, as well as of all controversies.

The circuit judge charged the jury as follows:

"If Mr. Erwin made a statement to Mr. Mason, in substance, that this party claimed title, and that he would convey that title to him for $450, and did assume to do that, and gave him that deed with that in view, and Mr. Mason supposed he was getting a title or an interest in these lands, and that title absolutely failed, why your verdict will be for the defendant."

This was a fair statement of the law applied to the case.

We think it was competent to show by Mr. Erwin that no representation was made by him as to the nature of the Walton title at the time the deed was given. If the defendant, with the abstract in his possession, saw fit to negotiate for the Walton title, he could restore himself to his former position by showing that he was deceived by some act of plaintiff or his agent; and it was competent to show that Mr. Erwin, who negotiated the sale of the Walton title, practiced no deceit.

The judgment is affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.